# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| MICHAEL TIMMS, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | |
| | : | **Civil No: 5:15-CV-305-CAR-MSH** |
| ANDRE DAVISON and | : | |
| WENDELL ANDERSON, | : | |
| | : | |
| **Defendants.** | : | |

_____

## ORDER

Presently pending before the Court is Plaintiff's motion for reconsideration (ECF No. 16).  Plaintiff asks that his case be reopened because all mail regarding the case was sent to Valdosta State Prison while he was housed at Bibb County Jail during the pendency of his criminal trial.  Mot. for Recons. 1.  Defendants object to Plaintiff's motion.  Defs.' Resp., ECF No. 17.

Under this Court's local rules, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. Civ. R. 7.6.  Rather, motions for reconsideration "should be employed sparingly" and are justified only when: "(1) there has been an intervening change in the law; (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice."  *United States v. $28,000.00 in U.S. Funds*, No. 3:11-CV-130-CAR, 2013 WL 784363, at

*3 (M.D. Ga. Mar. 1, 2013). Plaintiff has not established any of these grounds in his motion.

On August 20, 2015, the Court issued an Order granting Plaintiff's motion to proceed *in forma pauperis*. The parties were therein advised of their continuing duty to notify the Clerk of Court of any change in address. Order 3, Aug. 20, 2015, ECF No. 5. The parties were warned that "[f]ailure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings." *Id.* Plaintiff has never advised the Court of a change in address. *See generally* Docket.

Defendants filed their motion to dismiss (ECF No. 10) on October 23, 2015. That same day, the Court notified Plaintiff of the pending motion to dismiss and warned that "**FAILURE OF THE PLAINTIFF HEREIN TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANTS' BRIEF MAY RESULT IN SAID STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.**" Order 2, Oct. 23, 2015, ECF No. 12 (emphasis in original). Two months later—on December 23, 2015—the Magistrate Judge recommended granting the motion to dismiss. On January 14, 2016 that Report and Recommendation was adopted. Three months passed between Defendants' filing of their motion to dismiss and the entry of a final order thereon. During that time, Plaintiff did not file a response, objections, or a change of address.

Now, more than eight months later, Plaintiff asks the Court to reopen his case, asserting he "had no knowledge of knowning [sic] I had a civil case pending" because all mail regarding the case was sent to Valdosta State Prison while he was housed at Bibb

County Jail during the pendency of his criminal trial. Plaintiff's assertion is unavailing. Plaintiff did have a method of knowing his civil case was pending—properly submitting changes of address so that the Clerk of Court would be able to mail case filings to him.

Plaintiff was clearly advised of his continuing duty to notify the Clerk of Court of any change in address and warned that "[f]ailure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings." Order 3, Aug. 20, 2015, ECF No. 5. Plaintiff failed to comply with the Court's orders and has failed to prosecute his case. Plaintiff's failure to comply does not create circumstances to reopen the case. The Court thus denies Plaintiff's motion for reconsideration.

**SO ORDERED**, this 23rd day of June, 2017

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT